## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Michael E. Romero

In re:

Alex Maurice Lewis,

Debtor.

Bankruptcy Case No. 25-11372 MER

Chapter 13

---

## ORDER DENYING MOTION TO RECONSIDER

THIS MATTER comes before the Court on the Motion for Reconsideration of Order Granting in Part Relief from Stay ("**Motion to Reconsider**") filed by Sarita Marie Lewis ("**Sarita**"), the response filed by the Debtor, Alex Lewis, and Sarita's reply.[1]

Sarita is the Debtor's ex-wife.  She filed a motion seeking relief from the automatic stay to continue divorce-related proceedings in El Paso County District Court ("**State Court**"), Case No. 2024DR000048 ("**State Court Proceeding**").  She also asked this Court to determine that the former marital home ("**House**") addressed in the parties' divorce decree is not property of the estate.  The divorce decree, under a section entitled "Division of Marital Property and Debt," granted Sarita possession of the House but set a deadline for her to refinance the House in her name, with the net equity to be equally divided between the parties.[2]  The decree further states that if the House cannot be refinanced, it will be sold, with the parties dividing the proceeds equally  The decree makes Sarita responsible for making mortgage payments and paying House-related expenses under $2,000.  Household expenses over $2,000 are to be shared between the parties (65% Debtor-35% Sarita).  Attached to the decree is a spreadsheet that allocated other marital debts between the parties.[3]

On April 10, 2026, this Court entered its Order Granting Partial Relief from Stay ("**Order**").  The Order granted Sarita relief from stay to seek a modification of any domestic support obligation made by the state court.  However, the Court denied Sarita's motion to the extent she was seeking to modify the State Court's division of property, including the modification of the split of equity of the House.  The Order also denied Sarita's request for a finding that the House was excluded from the Debtor's bankruptcy estate.

---

[1] ECF Nos. 97, 98, 99.

[2] A copy of the divorce decree is attached to Sarita's original motion for relief from stay. ECF No. 79.

[3] A copy of the spreadsheet was not included with Sarita's original motion for relief from stay.

Sarita's Motion to Reconsider makes several inconsistent arguments.  She contends that she is not seeking relief from stay to modify the property division in the divorce decree, but rather is only seeking to modify the deadline set by the divorce court for refinancing the House.  She also contends the Debtor is not complying with the divorce decree's division of marital debts, and this is somehow preventing her from completing a refinance.  She asks that the Court reconsider the Order and grant her relief from stay to modify the divorce decree to change the refinance deadline and to allow for some unspecified "enforcement" of the split of marital debt obligations.  This "enforcement," she argues, will allow her to refinance the House.

Because Sarita filed her Motion to reconsider within fourteen days of the entry of the Order, it is governed by Fed. R. Civ. P. 59, made applicable to this contested matter by Fed. R. Bankr. P. 9023.[4]  This rule requires the movant to set forth a factual and legal basis warranting reconsideration. Grounds for such a motion include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[5]  Thus, relief under Rule 59 is appropriate "where the court has misapprehended the facts, a party's position, or the controlling law."[6]  Motions to reconsider under Rule 59 are regarded with disfavor.[7]

Sarita's Motion to Reconsider fails to present a change in controlling law, previously unavailable new evidence, or any clear error.  She raised the same arguments in her original motion for relief from stay, and the Court considered those arguments in issuing the Order.  Although Sarita argues she does not seek to modify the state court's division of property, changing the refinance deadline would do just that. By delaying the refinance and/or sale, the Debtor's receipt of equity/proceeds will necessarily be delayed which will, in turn, affect the funding of his Chapter 13 plan. Further, Sarita's request to allow "enforcement" of the debt division is vague.  She references her payment of the mortgage expenses, but the divorce decree required her to make such payments.  To the extent Sarita seeks relief from the stay to force Debtor to immediately pay other marital debts assigned to him by the divorce decree or reimburse her for debt payments she made on Debtor's behalf, that request is denied. The Bankruptcy Code permits the Debtor to treat property division debts as non-priority

---

[4] *In re Onyeabor*, 2015 WL 1726692, at *4 (10th Cir. BAP Apr. 15, 2015) ("Ordinarily, if a motion to reconsider is filed within Rule 9023's time limitation, it is treated as a Rule 59(e) motion; if it is filed more than fourteen days after entry of judgment, it is treated as a motion under Rule 60(b).").

[5] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[6] *Id.*

[7] *Kerber v. Qwest Group Life Ins. Plan*, 727 F.Supp.2d 1076, 1077 (D. Colo. 2010).

debts in his bankruptcy plan.[8]  Sarita cannot force the Debtor to make immediate payments on non-priority, non-DSO debts.[9]  Accordingly, the Court hereby

ORDERS that the Motion to Reconsider is DENIED.

Dated: May 14, 2026                              BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court

---

[8] *See In re Paggen*, 668 B.R. 645, 661 (Bankr. D. Colo. 2025) (chapter 13 debtor could treat property division debt owed to ex-wife as an unsecured non-priority debt in his plan).

[9] Sarita does not contend that any of these debts are domestic support obligations, as defined in 11 U.S.C. § 101(14A).